Joseph **PETRUSO,** Sharon Anne O'Connor–Petruso, Plaintiffs–Appellants,

v.

Douglas C. **SCHLAEFER,** Carmine Bichetti, Patrick Brostowin, Michael Meehan, and Brendan Fahey, Constituting the Board of Zoning Appeals of the Incorporated Village of Manorhaven, Linda Dlugolecki and Chester Dlugolecki, Defendants–Appellees.[**]

No. 08–0411–cv.

United States Court of Appeals, Second Circuit.

Feb. 26, 2009.

[**] The Clerk of Court is directed to amend the caption to read as shown above.

Peter K. Ledwith, Ledwith & Atkinson, Lynbrook, NY, for Plaintiffs–Appellants.

Laurel R. Kretzking (John C. Farrell, on the brief), Jaspan Schlesinger Hoffman LLP, Garden City, NY, for Defendants–Appellees Douglas C. Schlaefer, Carmine Bichetti, Patrick Brostowin, Michael Meehan, and Brendan Fahey.

Daniel Cahn, Cahn & Cahn, LLP., Melville, NY, for Defendants–Appellees Linda Dlugolecki and Chester Dlugolecki.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN, District Judge.[*]

## SUMMARY ORDER

Plaintiffs Joseph Petruso and Sharon O'Connor–Petruso ("plaintiffs" or the "Petrusos") appeal from a January 9, 2008 judgment entered by the District Court, denying plaintiffs' motion for reconsideration of a February 14, 2007, 474 F.Supp.2d 430, order dismissing some of their claims, and granting defendants' motion for summary judgment on plaintiffs' remaining claims. Although we assume the parties' familiarity with the underlying factual and procedural history of the case, we revisit key portions of that history here.

The Petrusos live in a single family home in Manorhaven, located in Nassau County, New York. They made plans in 2004 to construct an addition onto the back of their house, but learned that the planned addition would cause the house to cover twenty-six percent of their property—one percentage point more than permitted by the Village Code. Plaintiffs then petitioned the Village of Manorhaven's Board of Zoning Appeals ("BZA") for a

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

variance, which the BZA granted on June 8, 2004. In October 2004, plaintiffs filed an amendment to their original plans, which contained the addition of a roof deck. Those plans were approved on November 10, 2004. Plaintiffs were then issued a building permit and construction began on their property.

On June 5, 2005, plaintiffs' next door neighbors, Linda and Chester Dlugolecki, filed a formal appeal of the November 2004 permit with the BZA, arguing that the roof deck did not comply with the Village Code. On June 22, 2005, the BZA ruled in favor of the Dlugoleckis and determined that the permit had been granted in error. Following the decision of the BZA, plaintiffs commenced proceedings in New York State Supreme Court, pursuant to Article 78 of the New York CPLR, against the BZA and the Village. In a decision dated September 11, 2006, the New York State Supreme Court held that the Dlugoleckis were aware of plaintiffs' rooftop structure by December 2004, and accordingly, their June 2005 appeal to the BZA was untimely. The court then annulled the BZA's decision, and plaintiffs were permitted to continue the construction of their addition.

Following their victory in state court, plaintiffs commenced a federal action in May 2006, alleging that the BZA, the Trustees of the Village of Manorhaven, and the Dlugoleckis knowingly deprived plaintiffs of their civil rights "under the Fifth and Fourteenth Amendments to the United States Constitution in that they deprived the plaintiffs of their property without due process and they denied the plaintiffs equal protection under law thereby." J.A. 18. For these alleged constitutional violations, they sought over one million dollars in damages. In a Memorandum and Order dated February 14, 2007, the District Court dismissed all claims, including plaintiffs' due process claim on the ground that plaintiffs lacked a federally protected property right in the building permit, except the claim that the BZA defendants violated plaintiffs' equal protection rights and the claim that the Dlugoleckis had acted with the BZA to deprive plaintiffs of their equal protection rights. In a Memorandum and Order dated January 8, 2008, the District Court denied plaintiffs' motion for reconsideration of the dismissal of their due process claim. In the same Memorandum and Order, the District Court granted the BZA defendants' motion for summary judgment on plaintiffs' equal protection claim, on the ground that plaintiffs failed to demonstrate that they were treated differently from other similarly situated individuals. It also granted the Dlugoleckis' motion for summary judgment on the ground that they could not be held liable for acting with the BZA to deprive plaintiffs of their equal protection rights in light of the fact that the equal protection claim had been dismissed. Final judgment was entered on January 9, 2008, and plaintiffs filed a timely notice of appeal.

We review the grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir.2008) (internal quotation marks omitted). Additionally, we review *de novo* an order granting summary judgment. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is appropriate only if "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

In order to demonstrate a violation of due process rights based on a zoning decision, a plaintiff must demonstrate that

he possesses a federally protected property right to the relief sought. *See Natale v. Town of Ridgefield,* 170 F.3d 258, 263 (2d Cir.1999). This, in turn, "requires a demonstration that [the plaintiff] had a clear entitlement to the permit under state law." *Id.* Substantially for the reasons stated by the District Court in its Memorandum and Order of February 14, 2007, and its Memorandum and Order of January 8, 2008, we conclude that New York law allows for the revocation and/or modification of a building permit issued in error such that plaintiffs cannot establish that they had or have a federally protected property right to the permit. Accordingly, their due process claim fails.

With respect to plaintiffs' equal protection claim, we note that "plaintiffs state an equal protection claim where they allege that they were intentionally treated differently from other similarly-situated individuals without any rational basis." *Clubside, Inc. v. Valentin,* 468 F.3d 144, 159 (2d Cir.2006). Substantially for the reasons stated by the District Court in its Memorandum and Order of January 8, 2008—particularly the fact that, when asked in their depositions whether anybody else in a similar situation was treated differently, they answered "no"—we conclude that plaintiffs' equal protection claim fails as a matter of law. J.A. 461, 470–71.[1]

For these reasons, the judgment of the District Court is **AFFIRMED.**

---

**1.** In light of the fact that plaintiffs' substantive claims fail, for the reasons stated by the District Court in its January 8, 2008 Memorandum and Order, plaintiffs' claim against the Dlugoleckis necessarily fails as well.

